IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL NO.4:99-CR-175-P |
| VS. | § | |
| | § | |
| BRENSON STOVALL | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

A. NATURE OF THE CASE

Brenson Stovall, Federal Register No. 34009-077, has filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2).

B. PARTIES

Defendant Stovall is currently confined at USP-Beaumont, in Beaumont, Texas.[1] As he has filed a motion challenging his sentence in this Court, the United States of America is the proper government party.

C. PROCEDURAL HISTORY

Brenson Stovall was convicted and sentenced in this case on four counts of robbery in violation of 18 U.S.C. § 1951(a) and (b); one count of brandishing a firearm during a crime of violence in

---

[1]According to a February 14, 2006 search using Stovall's identification number on the web site of the United States Bureau of Prisons(www.bop.gov).

violation of 18 U.S.C. § 924(c)(1)(A)(ii); and three counts of use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(i).  Stovall was sentenced to concurrent 72 months terms of imprisonment on the robbery counts (1,4,7, and 10); 84 months on the brandishing of a firearm count (count 3) to run consecutive to the robbery counts (1,4,7, and 10); and a 20 year sentence[2] on each of the three subsequent use of a firearm convictions (counts 5, 8, and 11) to run consecutive to the other counts as required by 18 U.S.C. §924(c)(1)(C)(i).  Stovall's conviction was affirmed on appeal in a judgment entered as mandate on the docket of this Court on April 20, 2001.  Stovall sought relief under 28 U.S.C. § 2255, but that motion, as supplemented, was denied in an order filed June 20, 2002.  Stovall filed an appeal, but the court of appeals denied his request for a certificate of appealability in a judgment filed as mandate on the docket of this Court on June 5, 2003.

In response to a directive from the Court, the United States filed a response to the motion for reduction of sentence, along with a copy of the Presentence Investigative Report (PSIR) prepared in this case.  Stovall filed a reply within the extended time provided by the undersigned.

---

[2]*See* 18 U.S.C.A. § 924(c)(1)(C)(i)(West Supp. 2005) (Historical Note, 1998 Amendment, Pub. L. 105-386, § 1(a), Nov. 15, 1998, 112 Stat. 3469) (applicable mandatory minimum for second or subsequent conviction was twenty years prior to the 1998 amendments).

D. LEGAL ANALYSIS

Stovall contends that he is entitled to relief under 18 U.S.C. § 3582(c)(2) based upon Amendment 599 to the Sentencing Guidelines. He also claims that he is entitled to relief as a result of *United States v. Booker,* 125 S.Ct. 738 (2005), as he alleges his sentence was enhanced based upon facts found at sentencing by the Court rather than proved to a jury beyond a reasonable doubt, in violation of his rights under the Sixth Amendment. Stovall also purports to challenge ths sufficiency of the indictment and the Court's jurisdiction over him.

Pursuant to Section 1B1.10 of the Sentencing Guidelines, a motion for reduction of a term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2) when the guideline range has been lowered as a result of certain amendments to the guidelines manual, including Amendment 599.[3] Amendment 599 amended the application notes to guideline section 2K2.4 to clarify that "[i]f a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense."[4]  As applied to Stovall, this amendment would require that since he was convicted of a violation of 18 U.S.C. § 924 along with the underlying offense of robbery, he should not be assessed

---

[3]*See* U.S. SENTENCING GUIDELINES MANUAL,§ 1B1.10(c)(2005).

[4]U.S. SENTENCING GUIDELINES MANUAL app C (2005).

any specific offense characteristic points for use of the same firearm in the sentence for the underlying offense.  But the PSIR shows that Stovall was not given any specific offense characteristic points for the use of a firearm in the various robberies. (PSIR §§ 27, 33, 39 and 45.) Thus, although Amendment 599 may be given retroactive effect, it is not applicable to reduce Stovall's sentence.

Stovall also raises a claim that this Court lacked jurisdiction over him because the indictment did not set out the required elements sufficient to invoke jurisdiction.  But a district court's authority to modify a sentence under 18 U.S.C. § 3582(c)(2) is limited to the specific circumstances provided therein by Congress. This challenge is not authorized under 18 U.S.C. § 3582(c)(2).[5] As to Stovall's claims under *United States v. Booker,* 125 S.Ct. 738 (2005), they too, are not cognizable in the context of a 18 U.S.C. § 3582(c)(2) motion because such claims are not based on a retroactive amendment to the Guidelines.[6]

---

[5]*See United States v. Shaw,* 30 F.3d 26, 29 (5th Cir. 1994)(noting that a § 3582 movant could not attempts to relitigate a sentencing issue she failed to raise at sentencing, because that section applies only to retroactive guideline amendments.)

[6]*Id.* Stovall did not seek relief herein under 28 U.S.C. § 2255.  As he has already sought relief under 28 U.S.C. § 2255 and been denied, he is not entitled to file a successive § 2255 motion on the basis of Booker. *See In re Elwood,* 408 F.3d 211, 213 (5th Cir. 2005)(per curiam)("Therefore, we join our sister circuits and hold that *Booker* does not apply retroactively on collateral review for purposes of a successive § 2255 motion.")

RECOMMENDATION

It is therefore RECOMMENDED that defendant Brenson Stovall's motion to reduce sentence under 18 U.S.C. § 3582(c)(2) [docket no.145] be DENIED.

NOTICE OF RIGHT TO OBJECT TO PROPOSED
FINDINGS, CONCLUSIONS AND RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation until March 7, 2006. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific written objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding and legal conclusion if it has been accepted by the United States District Judge.[7]

---

[7]*See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc); *Carter v. Collins*, 918 F. 2d 1198, 1203 (5th Cir. 1990).

<u>ORDER</u>

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until March 7, 2006 to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and is hereby, returned to the docket of the United States District Judge.

SIGNED February 14, 2006.


_____/s/   Charles Bleil_____
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE